UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

TRACY R. GIBSON,  )
  )
    *Plaintiff*,  )
v.  ) No. 1:06-CV-102
  ) *Chief Judge Curtis L. Collier*
SHERIFF JOHN CUPP; OFFICER  )
ROMINGER; OFFICER McNAB; JOHN  )
DOE; EACH PARTY IS SUED IN THEIR  )
INDIVIDUAL AND OFFICIAL CAPACITIES;)
  )
    *Defendants*.  )

## **M E M O R A N D U M**

Tracy R. Gibson ("Gibson" or "plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 3). Gibson's claims are confusingly pled and difficult to decipher. Gibson complains each defendant has violated his constitutional rights while acting in their official and individual capacities.

After reviewing the record and the applicable law, the Court concludes Gibson's complaint will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** because he has failed to exhaust his administrative remedies.

**I.**     **APPLICATION TO PROCEED IN FORMA PAUPERIS**

It appears from the application to proceed *in forma pauperis* submitted by Gibson that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Gibson is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Gibson is an inmate or prisoner in custody at the Hamilton County Jail, in Chattanooga, Tennessee, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L.

104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Gibson shall pay the full filing fee of three hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. It appears Gibson possessed no money in a trust account for a period of six months prior to the filing of this complaint.

However, Gibson is not relieved of the ultimate responsibility of paying the $350.00 filing fee. The mathematical formula of 28 U.S.C. § 1915(b)(1)(A) and (B) directs a finding of zero. Accordingly, the custodian of Gibson's inmate trust account at the institution where he now resides shall not submit an initial partial payment. *McGore v. Wrigglesworth,* 114 F.3d 601, 606 (6th Cir. 1997). However, Gibson is still obligated to pay the full filing fee when money does become available.

The custodian shall submit twenty percent (20%) of all funds deposited to Gibson's trust account, but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Custodian of Gibson's trust account is instructed that when Gibson's trust account balance is over $10.00 then the twenty-percent rule is applicable. No violation of the statute occurs if the application of the twenty-percent rule reduces the balance of the account below ten dollars. *McGore v. Wrigglesworth,* 114 F.3d at 606 (6th Cir., 1997).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to disburse funds to the Sheriff of Hamilton County, the Custodian of Inmate Accounts at the Hamilton County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Gibson's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of plaintiff shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.[1]

The plaintiff is **ORDERED** to notify this Court of his change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II.     SCREENING PURSUANT TO 42 U.S.C. § 1997e

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. *See Davie v. Wingard,* 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

---

[1] **Send remittances to the following address:**

>     Clerk, U.S. District Court
>     P.O. Box 591
>     Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

After review of the record and the applicable law, the Court concludes Plaintiff's § 1983 complaint (Court File No. 3) will be **DISMISSED** *sua sponte* without prejudice because it was prematurely filed.

The Sixth Circuit has ruled the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Thus, exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the PLRA. *Id. (citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997)). In order to satisfy the requirement of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Shorter v. Campbell*, 2003 WL 463480, *2 (6th Cir. Feb. 20, 2003).

Gibson has failed to follow the Hamilton County Jail procedure for resolving grievance problems on the issues presented in his complaint, which has resulted in his failure to exhaust administrative remedies. The Hamilton County Jail maintains an administrative remedy program to address the concerns of inmates. The Hamilton County Jail has a three-step inmate grievance

4

procedure. First, informal resolutions are encouraged between staff and inmates. If an inmate is not satisfied with the outcome of the resolution, the second step is for the inmate to submit an inmate grievance form by placing it in the grievance box. The Jail Captain will assign the grievance to the responsible supervisor for action and/or response. If an inmate is dissatisfied with the resolution of the grievance, the third step requires the inmate to appeal to the Chief of Corrections. *See Hamilton County Sheriff's Office Inmate Handbook Number 59,* pp. 20-22.

As explained below, it does not appear Gibson has completed the grievance procedure on any of his nine claims. Gibson did not file an initial grievance on four of his claims. Although he filed a grievance on five of his claims, he failed to exhaust his remedies when he did not complete the third step of the grievance procedure which requires the inmate to appeal to the Chief of Corrections. It does not appear that Gibson ever appealed any decision past the second step of the grievance procedure.

Although Gibson asserts the following nine claims, he has failed to exhaust his administrative remedies on these claims:

1. First, Gibson maintains that on March 3, 2006, Officer Rominger neglected to resolve his claim certain food items were removed from his dinner tray and Officer McNab was sarcastic and verbally abusive with Gibson when he attempted to resolve the problem with his missing food.

Officer McNab and his supervisor, Sgt. Jones, subsequently delivered two small boxes of cereal and milk to replace the missing food.

The record provided by Gibson does not reflect that he filed a grievance regarding his claim he was denied certain food on March 3, 2006.

5

2. Next, Gibson asserts Officer McNab and other unnamed officers escorted him to medical on March 3, 2006, where they withdrew his blood without his consent.

The record provided by Gibson does not reflect a grievance relative to withdrawing his blood without consent was filed.

3. Third, Gibson claims he was moved to different living quarters. Presumably he is complaining about the move, although he does not specifically state such. In the same paragraph he asserts a disciplinary hearing between him and Officer Wright is recorded. The Court is unable to determine what claim, if any, Gibson is attempting to make in this paragraph. Consequently, the Court is unable to determine whether an appropriate grievance was filed.

4. Gibson alleges Officers Lang and Mcleod failed to take him for his 10:15-11:00 recreation time on March 14, 2006, which resulted in him being denied a shower.

Gibson filed a grievance on that same date but his failure to appeal to the Chief of Corrections has resulted in his failure to exhaust his administrative remedies.

5. On March 20, 2006, Gibson was placed in an isolation/disciplinary cell. Gibson complains he was denied recreation and access to a telephone on March 10, 2006. Gibson also alleges that on March 14, 2006, he was denied his recreation time which resulted in his being denied access to a shower and telephone.

On March 13, 2006, Gibson filed a grievance complaining he was denied use of the telephone but he failed to exhaust his administrative remedies when he failed to file an appeal to the Chief of Corrections.

6. Gibson alleges he required mental health services due to the treatment he received by the defendants but his request to obtain mental health services was ignored. However, he then

6

states during the week of March 27, 2006 through March 31, 2006, he spoke with Kameeka from the mental health department.

Although Gibson filed a medical request form on March 11, 2006, the record does not reflect that he filed a grievance regarding this claim.

7. Gibson claims when he filed a request to review the standard operating procedures on inmate disciplinary sanctions he was directed to the Inmate Handbook but was unable to find the answer to his question.

On March 11, 2006, Gibson filed a grievance against Mr. Wright complaining he was denied the right to read the standard operating procedures for handling inmate discipline but he did not file an appeal with the Chief of Corrections. Thus, Gibson failed to exhaust his administrative remedies.

8. Gibson declares he was denied an advocate and witness statements during his March 10, 2006, disciplinary hearing which resulted in a denial of due process.

On March 11, 2006, Gibson filed a grievance but once again, he failed to exhaust his administrative remedies when he failed to file an appeal with the Chief of Corrections.

9. Gibson complains he is placed in handcuffs at all times when he is outside his cell, resulting in his being required to bathe while handcuffed.

On March 11, 2006, and March 28, 2006, Gibson filed grievances complaining about being forced to bathe in handcuffs. However, neither of the grievances were appealed to the Chief of Corrections. Consequently, he failed to exhaust his administrative remedies on this claim.

Gibson has failed to demonstrate he exhausted his administrative remedies and that he exhausted each claim as to each defendant he has named in his § 1983 complaint. *See Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003) ("[A] prisoner must administratively exhaust his or her

7

claim as to each defendant associated with the claim[.]" (*citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999))); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (a claim must be exhausted as to each defendant associated with the claim). Every claim raised in a prisoner's § 1983 complaint first must be exhausted through the grievance system; there is no provision in *Brown*, *supra*, for a "mixed" complaint. *Shorter v. Campbell*, 59 Fed.Appx. 673 (6th Cir. 2003), (table decision) *available in* 2003 WL 463480, *2 (citing *Brown*, 139 F.3d at 1104). The Sixth Circuit has held that dismissal of a prisoner's complaint is required when he alleges both exhausted and unexhausted claims. *See Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006) ("[T]he PLRA requires total exhaustion, and that exhaustion is mandatory, even if proceeding through the administrative system would be futile." (omitted quotes)); *Bey v. Johnson*, 407 F.3d 805 (6th Cir. 2005), *petition for cert. filed,* 74 U.S.L.W. 3424 (U.S. Jan. 9, 2005) (No. 05-874) (when a prisoner alleges both exhausted and unexhausted claims, the PLRA requires a complete dismissal of a prisoner's complaint).

The Court has reviewed Gibson's allegations concerning the exhaustion issue and does not find he has demonstrated his administrative remedies have been exhausted as to all claims raised in his complaint. Accordingly, because Gibson has the burden of showing he has exhausted his administrative remedies with respect to each claim raised in his § 1983 complaint and because Gibson has failed to carry his burden of showing exhaustion as to *each and every* constitutional claim raised in his complaint, this action will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

A judgment will enter.

/s/
**CURTIS L. COLLIER**

**CHIEF UNITED STATES DISTRICT JUDGE**